CRENSHAW, Judge.
In this Anders[1] appeal, we affirm James Randy Demick’s judgments and sentences but remand for the trial court to correct two scrivener’s errors on the amended order revoking his probation. The amended order stated that Demick admitted to violating conditions two and five. But Dem-ick did not admit to violating anything; rather, the trial court found Demick in violation of his probation after an eviden-tiary hearing. Similarly, there was nothing presented at the hearing establishing that Demick violated condition two of his probation, which required him to pay monthly fees associated with the costs of his supervision. The trial court instead orally pronounced that Demick violated condition five of his probation by committing two hew law offenses. Because it is clear from the trial court’s oral pronouncement and the substantive requirements of condition five that the trial court intended to find Demick only in violation of this condition, we conclude that the trial court’s notation that Demick also violated condition two was a scrivener’s error.[2] See *134 Washington v. State, 37 So.3d 376 (Fla. 1st DCA 2010). Accordingly, we affirm the revocation of Demick’s probation but remand for the trial court to correct the revocation order to reflect its oral pronouncement. See Cain v. State, 49 So.3d 865 (Fla. 2d DCA 2010).
Affirmed and remanded.
LaROSE and MORRIS, JJ., Concur.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

. Demick raised both scrivener’s issues to the trial court in his motion to correct sentencing error under Florida Rule of Criminal Proce *134 dure 3.800(b)(2), but the trial court only addressed an unrelated issue concerning the length of his sentence.